**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

THOMAS SCRIVENS,

     Plaintiff,

v.                                         CASE NO.:

PHILLIP SCOTT MANAGEMENT AND
INVESTMENTS, LLC, 460 HALE LLC, and
RANDALL CORTNER, individually,

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, THOMAS SCRIVENS ("Plaintiff"), hereby sues the Defendants, PHILLIP SCOTT MANAGEMENT AND INVESTMENTS, LLC ("PHILLIP SCOTT"), 460 HALE LLC ("460 HALE") and RANDALL CORTNER ("CORTNER") (collectively "Defendants") and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1. This action is brought under: (i) the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b), *et seq.* ("FLSA"), to recover unpaid overtime compensation and minimum wages owed to Plaintiff and for unlawful retaliation; (ii) Article X, § 24 of the Florida Constitution, and Fla. Stat. § 448.110 (collectively, the "Florida Minimum Wage Act") to recover minimum wages owed to Plaintiff and for unlawful retaliation; (iii) Florida common law for unpaid wages; and (iv) the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981") for race

discrimination.

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3.      This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the Florida Minimum Wage Act and unpaid wages claims, which are so related to claims in the action within such original jurisdiction that it forms part of the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in this Court because all facts material to all claims set forth herein occurred in Hernando County, Florida.

5.      At all times material, Plaintiff, an African-American male, is and was a resident of Hernando County, Florida.

6.      At all times material, Defendant PHILLIP SCOTT was/is a Florida limited liability company authorized to conduct business in the State of Florida, with its principal place of business at 2215 Gulf Blvd., Indian Rocks Beach, Florida 33785 and with the following registered agent: **Randall S. Cortner, 2215 Gulf Blvd., Indian Rocks Beach, Florida 33785**.

7.      At all times material, Defendant 460 HALE was/is a Florida limited liability company authorized to conduct business in the State of Florida, with its principal place of business at 1444 First Street, Suite A, Sarasota, Florida 34236 and with the following registered agent: **Jerome S. Levin, 1444 First Street, Suite A, Sarasota, Florida 34236**.

8.      At all times material, Defendant Randall Cortner ("Cortner") was/is a

2

resident of Pinellas County, Florida.

## **GENERAL ALLEGATIONS**

9.     Defendant PHILLIP SCOTT is a company that provides property management services throughout West Florida for residential and commercial customers. During the relevant time, PHILLIP SCOTT managed apartments located at 460 Hale Ave., Brooksville, FL 34601.

10.     Defendant 460 HALE is the owner of apartments located at 460 Hale Ave., Brooksville, FL 34601.

11.     Defendant CORTNER is the managing member of PHILLIP SCOTT. In that position, CORTNER exercises significant control over the company's operations, has the power to hire and fire employees, the power to determine salaries, the responsibility to maintain employment records and has operational control over significant aspects of the company's day-to-day functions, including supervising Plaintiff and determining Plaintiff's rate of pay.

12.     During the relevant time, Defendants were joint employers of Plaintiff as defined by the applicable statutes.

13.     Plaintiff was an employee of Defendants under the applicable statutes.

14.     Plaintiff was employed by Defendants PHILLIP SCOTT and CORTNER from 2018 through December 7, 2022.

15.     In October 2022, Defendant 460 HALE purchased the apartments located at 460 Hale Ave., Brooksville, FL 34601 from a separate entity owned by Defendant CORTNER. From the date of purchase through December 7, 2022,

Plaintiff was employed by Defendant 460 HALE as well as by Defendants PHILLIP SCOTT and CORTNER.

16.     Defendants terminated Plaintiff's employment on December 7, 2022.

17.     In a Complaint it filed in Hernando County court on December 29, 2022, Defendant 460 HALE admitted that it was Plaintiff's employer and that it "terminated [Plaintiff]'s employment." Accordingly, Defendant 460 HALE is judicially estopped from denying that it was Plaintiff's employer or that it terminated Plaintiff's employment.

18.     Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

## ALLEGATIONS COMMON TO ALL WAGE AND HOUR CLAIMS

19.     Plaintiff was employed by Defendants during the relevant time period as a non-exempt onsite maintenance worker/manager.

20.     At all material times, Defendants failed to maintain any accurate time records with respect to Plaintiff.

21.     At all material times, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s) and during all relevant times had at least two employees and had an annual dollar volume of sales or business done of at least $500,000.

22.     Plaintiff was engaged in interstate commerce during his employment with Defendants.

4

23. As an onsite maintenance worker/manager, Plaintiff regularly utilized the internet, telephone and interstate wires to perform his job duties.

24. As an onsite maintenance worker/manager, Plaintiff regularly handled and worked on goods and materials that have been moved in or produced for interstate commerce.

25. Defendants failed to comply with the FLSA because Plaintiff was regularly required to work in excess of forty (40) hours a workweek but was not paid overtime compensation as required by the FLSA.

26. Defendants failed to comply with the FLSA and the Florida Minimum Wage Law because, for at least one year prior to Plaintiff's termination, Defendants refused to pay Plaintiff any wages, including the applicable minimum wage under federal and Florida law.

27. Although Defendants provided Plaintiff with an onsite apartment, the reasonable cost or fair value of the facilities furnished were far below the applicable minimum wage under federal and Florida law.

28. Defendants are not lawfully permitted to claim a credit for lodging against the applicable minimum wage because: the lodging did not primarily benefit Plaintiff, rather than Defendants; Defendants did not maintain accurate records of the costs incurred in the furnishing of the lodging; and the lodging was not furnished in compliance with applicable federal, state, or local laws.

29. The lodging provided to Plaintiff by Defendants was substandard or not compliant with law. For example, on November 7, 2022, the apartment ceiling

collapsed due to an illegal air conditioner installation, destroying almost everything in Plaintiff's apartment, including filling the apartment with mold. The collapse was due to a malfunctioning air conditioner drain which was installed and/or maintained out of code. Defendant CORTNER was informed of this that night and told Plaintiff to fix the air conditioner and ceiling, even though Plaintiff is not licensed for HVAC repair. It took over a month to get someone to fix it and mold was found throughout. Plaintiff and his family all experienced itching, coughing and sinus issues. Plaintiff's son got sick three times and needed antibiotics. Code enforcement stated that the apartment was uninhabitable, but Defendants refused to relocate Plaintiff.

30.    Defendant CORTNER is subject to individual liability under the FLSA and the Florida Minimum Wage Law because he acted directly or indirectly in the interest of the employer in relation to Plaintiff, exercised significant control over the company's operations, has the power to hire and fire employees, the power to determine salaries, the responsibility to maintain employment records and has operational control over significant aspects of the company's day-to-day functions.

31.    Defendants' violations of the FLSA and the Florida Minimum Wage Law were knowing, willful and in reckless disregard of the rights of Plaintiff. Defendants did not have reasonable grounds for believing that their acts were not a violation of the FLSA and the Florida Minimum Wage Law.

## ALLEGATIONS COMMON TO RETALIATION
## AND DISCRIMINATION CLAIMS

32.    In November 2022, Plaintiff objected to Defendants about Defendants' ongoing refusal to pay him his wages, including overtime and minimum wages, and about the uninhabitable condition of his apartment.

33.    On November 29, 2022, Plaintiff and his family went to see Plaintiff's daughter graduate from Army bootcamp in South Carolina. When they returned on December 1, 2022, they discovered that the apartment had been broken into through the bedroom window, items had been burglarized, and the intruders installed a 2-sided lock on the front door. They also stole the refrigerator in which Plaintiff kept his son's antibiotics as well as the antibiotics themselves.

34.    The following individuals were videotaped participating in this unlawful burglary:  Defendant CORTNER (who is white) and Defendant 460 HALE's owner, Yaniv Mazor (who is white). *See* Hernando County Sheriff's Office Report 2022-35737.

35.    On December 5, 2022, Defendants again broke into Plaintiff's apartment. Plaintiff called the Hernando County Sheriff's Office.

36.    On December 6, 2022, Defendant PHILLIP SCOTT issued a Notice of Non-Renewal stating that Plaintiff must vacate the premises by December 15, 2022.

37.    On December 7, 2022, Defendants hired a locksmith to change the locks on Plaintiff's apartment.

38.   On December 7, 2022, Defendants informed Plaintiff by letter that that his employment was terminated and that he and his family were required to vacate the apartment.

39.   On December 7, 2022, Defendants delivered letters to residents informing them of Plaintiff's termination and instructing them not to communicate with Plaintiff.

40.   On December 11, 2022, Defendants again hired a locksmith to change the locks on Plaintiff's apartment.

41.   On December 15, 2022, Defendants were issued a Stop Work Order because Defendants were performing work without permits.

42.   On December 29, 2022, Defendant 460 Hale LLC filed a Complaint for Unlawful Detainer in county court seeking to evict Plaintiff. In the complaint, Defendant 460 Hale LLC admits that it "terminated Defendant's employment and on numerous occasions has requested that Defendant vacate the Property."

**COUNT I**
**OVERTIME – FLSA (ALL DEFENDANTS)**

43.   Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 31 as if fully restated herein.

44.   During the three (3) year period prior to filing this action, Defendants failed to pay Plaintiff overtime compensation for hours worked over forty (40) in a workweek.

45.     Defendants' failure to pay Plaintiff overtime compensation for hours worked over forty (40) in any workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

46.     Defendants' violations of the FLSA were knowing, willful and in reckless disregard of the rights of Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests that this Court issue an Order awarding damages to Plaintiff in the amount of the unpaid overtime compensation owed, awarding liquidated damages pursuant to 29 U.S.C. § 216(b), awarding reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), awarding injunctive relief requiring Defendants to comply with the FLSA, and awarding all such other relief as the Court deems just and appropriate.

**COUNT II**
**UNPAID MINIMUM WAGES – FLSA (ALL DEFENDANTS)**

47.     Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 31 as if fully restated herein.

48.     During the three (3) year period prior to filing this action, Defendants failed to comply with the FLSA because Plaintiff was not paid any minimum wages as required by the FLSA.

49.     Defendants' violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff.

50.     Defendants did not have reasonable grounds for believing that their acts were not a violation of the FLSA.

51.    Plaintiff has suffered harm, including unpaid minimum wages, as a direct result of Defendants' failure to pay him as required by the FLSA.

**WHEREFORE**, Plaintiff requests that this Court issue an Order awarding damages to Plaintiff in the amount of the unpaid minimum wages owed, awarding liquidated damages pursuant to 29 U.S.C. § 216(b), awarding reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), awarding injunctive relief requiring Defendants to comply with the FLSA, and awarding all such other relief as the Court deems just and appropriate.

## COUNT III
### MINIMUM WAGE PURSUANT TO THE FLORIDA CONSTITUTION AND FLA. STAT. § 448.110 (ALL DEFENDANTS)

52.    Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 31 as if fully restated herein.

53.    The Florida Minimum Wage Act creates a private right of action against any employer who violates its minimum-wage provisions.

54.    During the five (5) year period prior to filing this action, Plaintiff did not receive payments at a rate at least equal to the minimum wage for all hours worked as required by the Florida Minimum Wage Act.

55.    Defendants' failure to provide Plaintiff minimum wage compensation constitutes a violation of the Florida Minimum Wage Act, resulting in unpaid minimum wages and other harm to Plaintiff.

56.    Defendants' violations of the Florida Minimum Wage Act were knowing and willful. Defendants' intentional failure to pay Plaintiff all of his

minimum wages is a willful violation of the Florida Minimum Wage Act as Defendants knew, or showed reckless disregard for the fact that their compensation practices were in violation of these laws.

57.    More than 15 calendar days prior to filing this action, Plaintiff demanded proper compensation in writing and notified Defendants of an intent to initiate this action. The notice identified the minimum wage to which Plaintiff claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice.

**WHEREFORE**,  Plaintiff requests that this Court issue an Order awarding damages for the amount of unpaid minimum wages owed to Plaintiff, awarding liquidated damages pursuant to the Florida Minimum Wage Act, awarding reasonable attorneys' fees and costs pursuant to the Florida Minimum Wage Act, awarding injunctive relief requiring Defendants to comply with the Florida Minimum Wage Act, and awarding all such other relief as the Court deems just and appropriate.

**COUNT IV**
**WAGE THEFT/UNPAID WAGES (ALL DEFENDANTS)**

58.    Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 31 as if fully restated herein.

59.    This is a common law claim for unpaid wages.

60.    During his employment with Defendants, Plaintiff earned wages

11

which Defendants promised would be paid to him pursuant to the terms of a verbal employment agreement. Accordingly, Defendants had a contractual duty to pay Plaintiff his earned wages.

61.    Defendants have breached their duty by refusing to pay Plaintiff his earned wages to which Plaintiff is owed.

62.    Plaintiff's unpaid earned wages constitute unpaid wages which are owed and payable by Defendants pursuant to contract and common law.

63.    Defendants, despite Plaintiff's reasonable attempts to obtain payment of these earned monies, have failed and refused to make payment to Plaintiff as required by Florida Statute Chapter 448 and common law.

64.    As a result of Defendants' failure to pay earned wages, Plaintiff has suffered damages, including unpaid wages, interest and attorneys' fees.

**WHEREFORE**, Plaintiff requests that this Court issue an Order awarding damages in the amount of the unpaid wages owed, ordering Defendants to pay attorneys' fees and costs pursuant to Fla. Stat. § 448.08, ordering Defendants to pay interest at the legal rate on such damages as appropriate, including pre- and post-judgment interest, and granting any further relief that the Court deems just and proper.

**COUNT V**
**RETALIATION – FLSA (ALL DEFENDANTS)**

65.    Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 42 as if fully restated herein.

12

66.     Section 15(a)(3) of the FLSA states that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding...."

67.     By complaining to Defendants about Defendants' ongoing refusal to pay him his wages, including overtime and minimum wages, Plaintiff engaged in an activity protected by the FLSA.

68.     In response to Plaintiff's statutorily protected activity, Defendants retaliated against him by, *inter alia*, breaking and entering his apartment, burglarizing his apartment, refusing to repair the uninhabitable conditions of Plaintiff's apartment, locking him out of his apartment, evicting him from his apartment, and terminating his employment.

69.     Plaintiff suffered adverse employment actions by Defendants immediately subsequent to, and because of, his protected activity.

70.     By taking the aforestated adverse employment actions against Plaintiff because of his statutorily protected activity, Defendants engaged in unlawful retaliation in violation of 29 U.S.C. § 215(a).

71.     Plaintiff has suffered damages including lost wages, lost benefits, emotional distress, anguish, interest and attorney's fees and costs.

**WHEREFORE**, Plaintiff demands judgment against Defendants and relief in the form of: (i) Economic damages, including lost wages, benefits, and other

13

remuneration; (ii) Reinstatement of full fringe benefits; (iii) Front and back pay; (iv) Liquidated damages; (v) Any other compensatory damages allowable under the law, including emotional distress damages; (vi) Attorneys' fees and costs pursuant to the FLSA; (vii) Prejudgment and post-judgment interest; and (viii) Any other relief the Court deems appropriate.

**COUNT VI**
**RETALIATION – FLORIDA MINIMUM WAGE ACT**
**(ALL DEFENDANTS)**

72.     Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 42 as if fully restated herein.

73.     Florida Statute § 448.110(5) provides:

It shall be unlawful for an employer or any other party to discriminate in any manner or take adverse action against any person in retaliation for exercising rights protected pursuant to s. 24, Art. X of the State Constitution. Rights protected include, but are not limited to, the right to file a complaint or inform any person of his or her potential rights pursuant to s. 24, Art. X of the State Constitution and to assist him or her in asserting such rights.

74.     By complaining to Defendants about Defendants' ongoing refusal to pay him his wages, including minimum wages, Plaintiff engaged in an activity protected by the Florida Minimum Wage Act.

75.     In response to Plaintiff's statutorily protected activity, Defendants retaliated against him by, *inter alia*, breaking and entering his apartment, burglarizing his apartment, refusing to repair the uninhabitable conditions of Plaintiff's apartment, locking him out of his apartment, evicting him from his apartment, and terminating his employment.

14

76. Plaintiff suffered adverse employment actions by Defendants immediately subsequent to, and because of, his protected activity.

77. By taking the aforestated adverse employment actions against Plaintiff because of his statutorily protected activity, Defendants engaged in unlawful retaliation in violation of the Florida Minimum Wage Act.

78. Plaintiff has suffered damages including lost wages, lost benefits, emotional distress, anguish, interest and attorney's fees and costs.

**WHEREFORE**, Plaintiff demands judgment against Defendants and relief in the form of: (i) Economic damages, including lost wages, benefits, and other remuneration; (ii) Reinstatement of full fringe benefits; (iii) Front and back pay; (iv) Liquidated damages; (v) Any other compensatory damages allowable under the law, including emotional distress damages; (vi) Attorneys' fees and costs pursuant to the Florida Minimum Wage Act; (vii) Prejudgment and post-judgment interest; and (viii) Any other relief the Court deems appropriate.

**COUNT VII**
**RACE DISCRIMINATION IN VIOLATION OF SECTION 1981**
**(ALL DEFENDANTS)**

79. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 18 and 32 to 42 as if fully restated herein.

80. Section 1981 guarantees freedom from racial discrimination in the making, enforcement, performance, modification, and termination of contracts. Section 1981 also guarantees equal enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

15

81. During Plaintiff's employment, Defendant CORTNER frequently made racist comments to Plaintiff, including referring to him as a "silly old Black ass" and asking "What are you, on drugs?"

82. Defendants intentionally subjected Plaintiff to disparate treatment race discrimination in violation of Section 1981 by subjecting him to less favorable benefits, privileges, terms, and conditions of employment than those experienced by similarly situated non-African-American employees. Specifically, because of Plaintiff's race, Defendants broke into and entered his apartment, burglarized his apartment, refused to repair the uninhabitable conditions of Plaintiff's apartment, locked him out of his apartment, evicted him from his apartment, and terminated his employment.

83. By intentionally subjecting him to less favorable benefits, privileges, terms, and conditions of employment and by engaging in the aforestated adverse employment actions (including terminating Plaintiff's employment) because of race, Defendants denied Plaintiff equal enjoyment of all benefits, privileges, terms, and conditions of the employment and contractual relationships.

84. Through Defendants' conduct set forth herein, Defendants intentionally deprived Plaintiff of the same rights as are enjoyed by white citizens to the creation, performance, enjoyment, and all benefits and privileges, of their contractual employment relationship with Defendants, in violation of 42 U.S.C. §1981.

85. The above conduct by Defendants constitutes discrimination in

violation of Section 1981.

86.   Defendants' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

87.   As a proximate result of Defendants' discrimination in violation of Section 1981, Plaintiff has been denied employment opportunities providing substantial compensation and benefits, thereby entitling him to injunctive and equitable monetary relief; and has suffered anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendants' actions, thereby entitling him to compensatory damages.

**WHEREFORE**, Plaintiff requests that this Court:

1.   Enter a declaratory judgment that the practices complained of in this complaint are unlawful and violate Section 1981;

2.   Grant all injunctive relief necessary to bring Defendants into compliance with Section 1981;

3.   Order Defendants to pay the wages, salary, employment benefits, and other compensation denied or lost to Plaintiff to date by reason of Defendants' unlawful actions, in amounts to be proven at trial;

4.   Order Defendants to pay compensatory damages for Plaintiff's emotional pain and suffering, in an amount to be proven at trial;

5.   Order Defendants to pay exemplary and punitive damages;

6.   Order Defendants to pay attorneys' fees and costs of the action;

7.   Order Defendants to pay interest at the legal rate on such damages as

appropriate, including pre- and post-judgment interest; and

8.     Grant any further relief that the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

**DATED** this 21st day of August, 2024.

Respectfully submitted,

*/s/ Jay P. Lechner*
**LECHNER LAW**
Jay P. Lechner, Esq.
Florida Bar No.: 0504351
Jay P. Lechner, P.A.
Fifth Third Center
201 E. Kennedy Blvd., Suite 412
Tampa, Florida 33602
Telephone: (813) 842-7071
jplechn@jaylechner.com
admin@jaylechner.com
*Attorneys for Plaintiff*