## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

THOMAS SCRIVENS,
     Plaintiff,

v.                          CASE NO. 8:24-cv-1977-WFJ-TGW

PHILLIP SCOTT MANAGEMENT
AND INVESTMENTS, LLC, 460 HALE
LLC, and, RANDALL CORTNER, individually,
     Defendants.

_____/

## REPORT AND RECOMMENDATION

       This cause came on to be heard upon the plaintiff's Motion for Default Judgment Against Phillip Scott Management and Investments, LLC, and Randall Cortner (Doc. 43). The plaintiff alleges that the defendants failed to pay him for regular and overtime hours that he worked in violation of the Fair Labor Standards Act ("FLSA") and the Florida Minimum Wage Act (Doc. 1, p. 1). While the defendant, 460 Hale LLC, settled the case with the plaintiff (Doc. 45), the defendants, Phillip Scott Management and Investments, LLC and Randall Cortner, failed to defend this case and defaults were entered against them (Doc. 22).

       The plaintiff filed a Motion for Default Judgment Against Phillip Scott Management and Investments, LLC and Randall Cortner (Doc. 43) seeking $441,979.02 for legal violations plus attorneys' fees and costs to

be determined later (Doc. 43, p. 10). The plaintiff has submitted claims that he sustained damages totaling $441,979.02, which includes $54,080.00 in unpaid wages, $10,400.00 in unpaid overtime wages, $34,450.00 in liquidated damages with respect to the minimum wage claim, and $10,400.00 in liquidated damages for the overtime wage claim. The plaintiff is not entitled to collect back pay after the time of his termination and will not be able to recover any amount for the value of his missing possessions. I, therefore, recommend that the Motion for Default Judgment Against Phillip Scott Management and Investments, LLC and Randall Cortner (Doc. 43) be granted in part and that default judgment be entered against the defendants, Phillip Scott Management and Investments, LLC and Randall Cortner, in the amount of $109,330.00.

I.

On August 21, 2024, the plaintiff filed a complaint alleging that the defendants failed to pay him for regular and overtime hours that he worked and for unlawful retaliation (Doc. 1, p. 1). The plaintiff was employed by the defendants as a non-exempt onsite maintenance worker/manager. The plaintiff regularly utilized the internet, telephone, and interstate wires to perform his job duties and worked on goods and materials that have been moved in or produced for interstate commerce. The

2

defendants were an enterprise covered by the FLSA with at least two employees and an annual dollar volume of sales or business done of at least $500,000. The defendants failed to comply with the FLSA for at least one year because the defendants refused to pay the plaintiff any wages, including the applicable minimum wage under federal and Florida law, as well as overtime compensation. The fact that the defendants provided the plaintiff with an onsite apartment does not allow the defendants to claim a credit for lodging against the wages owed. The defendants informed the plaintiff that his employment was terminated on December 7, 2022.

On October 3, 2024, the defendants were served with the summons and complaint (Docs. 15, 16). However, the defendants failed to file a response to the complaint or otherwise appear in this case. Consequently, a default was entered against the defendants (Doc. 22).

Subsequently, the plaintiff filed a Motion for Default Judgment Against Phillip Scott Management and Investments, LLC, and Randall Cortner (Doc. 43). Attached to the motion is an affidavit from the plaintiff, in which he attests to the number of hours worked and damages sustained as a result of the defendants' FLSA violations (see Doc. 43-1). The defendants have not responded to the motion.

In addition to the FLSA claims, the plaintiff also seeks recovery

3

under Florida's minimum wage statute for the period when he was not getting paid. The plaintiff is entitled to some recovery under the statute.

II.

Pursuant to Rule 55(b)(2), Fed.R.Civ.P., a party may seek from the court a default judgment for the damages caused by the defaulting party. The plaintiff seeks entry of a default judgment against the defendants in the amount of $441,979.02, which includes $54,080.00 in unpaid wages, $10,400.00 in unpaid overtime wages, $34,450.00 in liquidated damages with respect to the wage claim, $10,400.00 in liquidated damages for the overtime wage claim, $267,840.00 in back pay, and $64,809.02 for the value of his missing possessions (Doc. 43).

The defendants' liability for violations of the FLSA is established by the default entered against them in this case. See 29 U.S.C. 203(d) (broadly defining employer under the FLSA to include "any person acting directly or indirectly in the interest of an employer in relation to an employee"). In this instance, the plaintiff alleged in his complaint that the defendants were his employers from 2018 through December 7, 2022 (Doc. 1, p. 3). This undisputed allegation is sufficient to establish that the defendants are liable under the FLSA.

4

Under the FLSA, a district court generally must award a plaintiff liquidated damages that are equal in amount to actual damages. See 29 U.S.C. 216(b) ("Any employer who violates the provisions of [the FLSA] ... shall be liable to the . . . employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages."). The liquidated damages under the FLSA are "compensatory in nature." Snapp v. Unlimited Concepts, Inc., 208 F.3d 928, 934 (11th Cir. 2000), cert. denied, 532 U.S. 975 (2001). Thus, "the liquidated damage provision is not penal in its nature but constitutes compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof of estimate other than by liquidated damages." Id. (quoting Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1945)).

As indicated, the plaintiff filed an affidavit which attests, under the penalty of perjury, the basis of his damages claim (see Doc. 43-1). In this affidavit, the plaintiff provides the hourly wages that he was owed, the number of hours he worked weekly, his rate of pay, and the span of time where he received either inadequate or no compensation (id.). Further, the plaintiff asserts that the "[D]efendants failed to maintain any accurate time records with respect to Plaintiff" (Doc. 1, p. 4). Significantly, the defendants

5

have the burden to make and preserve the time records.  See 29 U.S.C. 211(c).

The defendants have not produced time records or otherwise controverted the plaintiff's evidence. Thus, the affidavit should be accepted as "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946). The burden then shifts to the defendant employers to provide evidence either of the exact amount of work performed or evidence that would negate "the reasonableness of the inference to be drawn from the employee's evidence." Id. at 687–88. The employers' failure to provide such evidence will permit the court to "award damages to the employee, even though the result [may] only be approximate." Id. at 688.

As discussed in this case, the defendants did not present any evidence regarding the number of hours worked by the plaintiff and did not rebut the plaintiff's assertions. Accordingly, the valid damages claimed by the plaintiff should be awarded.

Here, the plaintiff asserts that the relevant employment period was December 7, 2021, to December 7, 2022. His hourly rate is $16.00 times 65 hours per week, which equals $1,040.00 per week. He worked 52 weeks times his weekly rate of $1,040.00, which equals $54,080.00 in unpaid

wages (Doc. 43, p. 4).

Regarding his unpaid overtime wages, the plaintiff's hourly rate is $16.00 divided by two which is $8.00 per hour. He worked 25 hours per week, so that he was entitled to $200.00 for overtime pay each week for the 52 weeks of the employment period. He is owed $10,400.00 in unpaid overtime wages (Doc. 43, p. 6). The plaintiff should receive an additional $10,400.00 in liquidated damages.

Furthermore, the plaintiff will receive $34,450.00 in liquidated damages from his unpaid minimum wages. This is based on the evidence that the plaintiff worked 65 hours at a rate of $10.00 per hour for 42 weeks and 65 hours at a rate of $11.00 per hour for 10 weeks (Doc. 43, p. 7).

At the hearing, I indicated that an award of damages would not be given for the speculative list of purloin items, including a PlayStation wheel, bouncing beats, and a black recliner, allegedly damaged in the burglary. Plaintiff's counsel did not challenge that conclusion. Thus, the $64,809.02 should not be awarded to the plaintiff for these items. Furthermore, following the termination, $267,840.00 in back pay should also not be awarded to the plaintiff since he did not work during the claimed period.

In sum, the plaintiff has demonstrated that he is entitled to

7

damages totaling $109,330.00, which includes $54,080.00 in unpaid wages, $10,400.00 in unpaid overtime wages, $34,450.00 in liquidated damages with respect to the wage claim, and $10,400.00 in liquidated damages for the overtime wage claim. I, therefore, recommend that the plaintiff be awarded damages totaling $109,330.00.

For the foregoing reasons, I recommend that plaintiff's Motion for Default Judgment Against Phillip Scott Management and Investments, LLC, and Randall Cortner (Doc. 43) be granted, and that default judgment be entered in favor of the plaintiff, and against the defendants, Phillip Scott Management and Investments, LLC and Randall Cortner, in the amount of $109,330.00.

Respectfully submitted,

*Thomas G. Wilson*

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: August 20, 2025.

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district

8

court's order adopting this report's unobjected-to factual findings and legal conclusions.